IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LORILLARD TOBACCO COMPANY,
PHILIP MORRIS USA, INC., R.J.
REYNOLDS TOBACCO COMPANY,
    Plaintiffs,

v.                                        Case No. 2:04-CV-715
                                          JUDGE EDMUND A. SARGUS, JR.
                                          Magistrate Judge Mark R. Abel
CHESTER, WILLCOX & SAXBE, L.L.P.,
(individually and as defendant class
representative); PROVOST UMPHREY
LAW FIRM, L.L.P. AND PROVOST
UMPHREY TOBACCO (individually and
as defendant class representative); SIMON,
PERAGINE, SMITH & REDFEARN,
L.L.P. (individually and as defendant class
representative),
    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Florida counsel's Motion for Reconsideration (Doc. #263) and Florida counsel's Motion to Stay Judgment (Doc. #272). Florida counsel seek reconsideration of this Court's April 5, 2007 *Opinion and Order* which overruled their objections regarding certain terms of payment under the Settlement Agreement in this case. According to Florida counsel, the Court misapplied the doctrine of judicial estoppel, and misconstrued the arguments advanced as well as the relief sought by Florida counsel.

I.

Motions for reconsideration are "extraordinary in nature and, because they run contrary to

notions of finality and repose, should be discouraged." *Phelps v. Economus*, 2006 WL 1587389 at * 1 (N.D. Ohio June 7, 2006) (citation omitted). There are three circumstances in which a court may reconsider one of its earlier decisions: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error to prevent manifest injustice. *Id.*, citing *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856 (D. N.J. 1992). Motions for reconsideration should not be used as a substitute for appeal nor should they be used as a vehicle for mere disagreement with a district court's opinion. *Id.*

In this case, Florida counsel contend that the motion is justified to correct clear error committed by this Court when it overruled Florida counsel's objections to a particular aspect of payment under the Settlement Agreement. The Court has reviewed the arguments advanced by counsel and does not find any clear error in the analysis or the decision[1]. Accordingly, the Motion for Reconsideration is denied. The Motion to Stay Judgment on the Court's April 5, 2007 Order is similarly denied.

## II.

Florida Counsel's Motion for Reconsideration (**Doc. #264**) and Motion to Stay Judgment (**Doc. #272**) are **DENIED**.

**IT IS SO ORDERED.**

10-16-2007
DATE

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court finds no reason to outline Florida counsel's arguments because, in the Court's view, they are substantively indistinguishable from those originally considered by the Court in reaching its April 5, 2007 decision.

2