IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LORILLARD TOBACCO COMPANY, et al..,

    Plaintiffs,

v.                                        Case No. 2:04-CV-715
                                            JUDGE EDMUND A. SARGUS, JR.
                                            Magistrate Judge Abel

CHESTER, WILLCOX &
SAXBE, LLP, et al.

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of GP (FL) Funding II, LLC, Lester G. Fant, III, Galway II, Inc., Galway T-1, LLC and Galway Partners, LLC's (collectively, "Galway") Motion for Preliminary and Permanent Injunction. (Doc. #306). For the reasons that follow, Galway's motion is GRANTED.

### I.

Galway seeks an injunction preventing W.C. Gentry, P.A. f/k/a Gentry, Phillips & Hodak, P.A., Gentry & Phillips, P.A., directly or through GP (FL) Funding III, LLC (collectively, "Gentry"), from proceeding with a lawsuit filed in Florida on April 17, 2008, captioned *Gentry and Phillips, P.A. v. Lester G. Fant, III, et al.*, Duval County, Florida Circuit Court, Case No. 2008-CA-004887 (the "Florida Lawsuit"). The Florida Lawsuit arises out of the distribution of "Liquidated Fee Excess" or "Supplements," which are accelerated payments of attorneys fees to

1

be paid by the tobacco companies in each of the fourth quarters of 2004 through 2008. The facts and procedural history of this interpleader action are fully set out in *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe, L.L.P.*, 2007 U.S. Dist. LEXIS 25596 (S.D. Ohio Apr. 5, 2007) (Doc. #263). In short, this Court previously ruled that Deutsche Bank was entitled to the Supplement (the 2004 payment) and Future Supplements (2005-2008 payments) as part of the Fee Award money that had been pledged to Deutsche Bank by various Florida counsel or their assignees as collateral in a series of financing transactions. The Court overruled Gentry's motion for preliminary injunction and its objections to Acknowledgments of the Settlement Agreement, wherein Gentry claimed the right to the Supplement and Future Supplement exclusive of Deutsche Bank's interest. In the Florida Lawsuit, as in the motion for preliminary injunction filed in this Court, Gentry continues to allege that the pledge to Deutsche Bank was "wrongful" "illegal" and "invalid."

Galway has moved to enjoin the Florida Lawsuit on the grounds that it violates this Court's January 10, 2005 Final Judgment (Doc. #192), which approved of the parties' Settlement Agreement, which in turn governs the parties' rights and obligations concerning the Supplements.

## II.

The Settlement Agreement, filed December 22, 2004, provides in relevant part, that:

> The Ohio Court [the United States District Court for the Southern District of Ohio] shall retain exclusive jurisdiction over any and all disputes relating to this Settlement Agreement, the enforcement of this Settlement Agreement and any monies to be allocated, advanced or recouped pursuant to this Settlement Agreement.

Settlement Agreement. ¶21. The Settlement Agreement was contingent on the Court's entry of

2

an injunction prohibiting class members from suing **each other** relating to the Supplement or Future Supplements. (Settlement Agreement at ¶1(7)). In connection with its review and approval of the Settlement Agreement under Fed. R. Civ. P. 23(e), the Court entered a Final Judgment that including a permanent injunction, enjoining class members from:

> instituting or further asserting any claim in any court or in arbitration against each other or Plaintiffs in any proceeding relating to any matter set forth in the Amended Complaint and/or the Settlement Agreement or seeking to reform, discharge or otherwise amend the terms of the Settlement Agreement, directly or indirectly.

(Doc. #192, Final Judgment at ¶23).

With the exception of defendant Galway Partners, LLC, the parties in the Florida Lawsuit were members of the underlying MTF Counsel Class, defined to include MTF Counsel as well as "all other persons or entities with any interests in any Fee Award to any MTF Counsel, directly or indirectly," including their successors and assignees. (Id. at ¶10). Accordingly, the Florida Lawsuit falls within the scope of the injunction, because it is a court proceeding brought by one class member against another.

The limited issue before this Court, therefore, is whether the Florida Lawsuit is related to any matter set forth in the Settlement Agreement, such that the Court's existing injunction bars Gentry from proceeding with the Florida Lawsuit. Gentry claims that the Florida Lawsuit does not relate to matters covered in the Settlement Agreement, but rather seeks damages arising out of a separate, fraudulent financing transaction.

The Settlement Agreement covers the ownership of the Fee Awards, including the Supplements, in Section 3(3) which states:

> Attached hereto at Exhibit 3 is a list of the Private Counsel who were original owners of Fee Awards and their assigns (including any pledgees and secured parties) for each of the

3

state of . . . Florida [and others] . . . one or more of whose Private Counsel participated in a transaction where some or all of the interest of one or more Private Counsel in and to their respective Fee Awards for such state were pledged or assigned in connection with a securitization transaction.

Section 3 provides the exclusive mechanism by which Class Members can claim entitlement to Fee Awards through the Acknowledgment process. The parties to the Settlement Agreement further agreed that this Court would retain exclusive jurisdiction to resolve disputes over entitlement to the Fee Awards, including Supplement and Future Supplements.

Gentry invoked this Court's jurisdiction to resolve such disputes by filing an "Emergency Motion for Preliminary Injunction" on December 6, 2006, seeking to prevent payment of the Supplement to Deutsche Bank on the grounds that the pledge to Deutsche Bank was invalid. (Doc. ##252-253). In that proceeding, Gentry argued that entitlement to the Supplement payment "derive[s] from a dispute over the Master Settlement Agreement." (April 5, 2007 Opinion and Order, *Lorillard*, 2007 U.S. Dist. LEXIS 25596 at *15). This Court exercised its exclusive jurisdiction to resolve the dispute, and held that Gentry was asserting a position "clearly inconsistent with their earlier position" such that the doctrine of judicial estoppel applied to bar Gentry's claim. (*Id.* at *24).[1]

Now, Gentry has changed course yet again, asserting that the Florida Lawsuit, which seeks damages for the "wrongful" and "illegal" pledge of a portion of the Supplement payment to Deutsche Bank, does not relate to matters set forth in the Settlement Agreement. Without regard

---

[1] Gentry's appeal of the Court's April 5, 2007 Opinion and Order to the Sixth Circuit is pending. Gentry contends that granting Galway's Motion would be an expansion of the Court's previous judgment currently on appeal. The Court disagrees, as granting the injunction in this instance is consistent with its earlier denial of Gentry's request for injunctive relief, which decision is on appeal.

to the merits, it is plain on the face of the Florida Lawsuit that it implicates the provisions of the Settlement Agreement regarding ownership of and claims to the Supplement payments. (*See, e.g.,* Florida Compl., Doc. #306-2, at ¶¶56-59). Regardless of how Gentry's Florida claims are captioned, or in what form Gentry seeks payment of the Supplements, the claims in the Florida Lawsuit "relate to any matter set forth in the Settlement Agreement." Gentry is therefore enjoined, based upon the terms of the permanent injunction to which they agreed, from proceeding with the Florida Lawsuit.

### III.

For the foregoing reasons, GP (FL) Funding II, LLC, Lester G. Fant, III, Galway II, Inc., Galway T-1, LLC and Galway Partners, LLC's Motion for Preliminary and Permanent Injunction (Doc. #306) is GRANTED. The parties are hereby permanently enjoined from proceeding with the Florida Lawsuit, *Gentry and Phillips, P.A. v. Lester G. Fant, III, et al.*, Duval County, Florida Circuit Court, Case No. 2008-CA-004887.

**IT IS SO ORDERED.**

9-18-2058
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

5