IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LORILLARD TOBACCO
COMPANY, et al.,
      Plaintiffs,

v.

CHESTER, WILCOX, & SAXBE
LLP (individually and as defendant
class representative), et al.,
      Defendants.

Case No. 2:04-cv-715
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## ORDER

This matter is before the Court on the Motion for Bifurcation of Issues Regarding Attorneys' Fees by Gentry, Phillips & Hodak, P.A., Gentry & Phillips, P.A., and GP(FL) Funding, III, LLC (collectively, "Gentry") (Doc. 371). Specifically, Gentry requests that, at the hearing scheduled for February 24, 2011, the parties be permitted to present evidence relating only to the question of willfulness or the propriety of awarding attorneys' fees and that a later hearing be set regarding the amount if the Court determines that such an award is justified on the facts this case. Gentry argues that, as of the time it filed the motion for bifurcation, it had not received from Fant detailed billing statements upon which Fant was basing its claims for attorneys' fees. Gentry also argued that, even it received the detailed billing statements before the currently scheduled hearing date, it would have insufficient time to review, analyze, and offer evidence on such records. In Gentry's view, unless the Court determines that an award of attorneys' fees is appropriate in this matter, hearing evidence on the amount of fees would place an unnecessary burden upon the Court.

GP(FL) Funding II, LLC; Lester G. Fant, III; Galway II, Inc.; Galway T-1, LLC; and Galway Partners, LLC (Collectively "Fant") oppose the motion for bifurcation. Fant claims that, as of the time it filed its response to Gentry's motion for bifurcation, the relevant billing statements had been provided to Gentry. In Fant's view, Gentry will have had ample time to conduct the necessary review and analysis of the billing documents to be able to offer evidence on the records at the currently scheduled hearing. Fant also contends that a single hearing will further interests of judicial economy because the issues in dispute can be easily and efficiently managed in a single hearing.

In reply, Gentry claims that, Fant's assertions notwithstanding, there is insufficient time before the hearing to digest the billing statements, let alone provide evidence in opposition. Gentry argues that the billing statements contain "block billing" rather than a detailed account of discrete tasks and fractional hours billed on specific tasks. In addition, Gentry contends that the billing statements reveal charges for tasks unrelated to the issue of whether the complaint Gentry filed in Florida state court violated this Court's injunction. Finally, Gentry contends that it has made a request for production of certain documents relating to the tasks Fant's counsel undertook and the time spent on those tasks, as well as a request for a list of witnesses that Fant intends to call in support of Fant's motion for attorneys' fees. Gentry asserts that, until it has a reasonable opportunity to review documents produced in response to its request for production, it will not have an adequate and fair opportunity to test whether the billing statements represent hours that were actually and reasonably spent on the matter for which Fant claims attorneys' fees.

Having reviewed the parties' briefs and the relevant law, the Court concludes that Gentry's motion should be GRANTED. "The starting point for determining the amount of a

reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours *reasonably* expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 551 (6th Cir. 2008) (emphasis added). The issues relating to the motion for attorneys' fees in this action are the subject of intense dispute. Whether the amount sought by Fant is reasonable is a particular point of contention. The parties represent to the Court that the billing statements consist of some 132 pages. Although the billing statements may not be voluminous in the world of tobacco litigation, neither are they meager. Gentry should have a reasonable opportunity to review the bases for the amount claimed—$314,457.55—and to test whether the hours claimed were "actually and reasonably expended" on the matter for which attorneys' fees are sought. *Id.* at 554. Given that the Court has yet to decide whether attorneys' fees are warranted in this action, the Court agrees with Gentry that under the particular facts of this case, bifurcation is appropriate.

For the foregoing reasons, the Motion for Bifurcation of Issues Regarding Attorneys' Fees by Gentry, Phillips & Hodak, P.A., Gentry & Phillips, P.A., and GP(FL) Funding, III, LLC is **GRANTED**. The parties shall be prepared to present evidence on the propriety of awarding attorneys' fees, including on the issue of willfulness. Should the Court determine that an award of attorneys' fees is warranted, a second hearing will be set by separate order.

**IT IS SO ORDERED.**

2-17-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**